IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN STANCU,<br>Plaintiff,<br><br>v.<br><br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br>Defendant. | § § § § § § § § § | No. 3:24-CV-2127-X-BW |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On March 4, 2025, Defendant Equal Employment Opportunity Commission ("EEOC") filed a motion to dismiss claims brought by Plaintiff John Stancu, who is appearing pro se in this case. (*See* Dkt. No. 16 ("Mot.").) The EEOC filed an appendix in support. (Dkt. No. 17 ("D. App.").) Stancu filed a response in opposition to the motion on May 5, 2025 (Dkt. No. 26 ("Resp.")), and the EEOC filed a reply on May 19, 2025 (Dkt. No. 28). This case has been automatically referred to the undersigned magistrate judge for case management pursuant to Special Orders 3-251 and 3-354. (*See* Dkt. Nos. 1, 7.)

For the reasons that follow, the undersigned recommends that the District Judge grant the EEOC's motion and dismiss this case.

**I.  BACKGROUND**

Stancu alleges that, on August 7, 2023, he filed a workplace discrimination "complaint" with the EEOC against his employer, Highland Hilton Hotel. (Dkt.

No. 3 at 1 ("Compl.").) He attached a copy of what he characterizes as the EEOC complaint, which he acknowledges was actually titled as a "Pre-Charge Inquiry." (*See id.* at 1, 2, 7.[1]) He avers that his complaint against his employer concerned allegations of unlawful discrimination in violation of the Americans with Disabilities Act ("ADA") by his former employer. (*Id.* at 2.) Stancu asserts that the EEOC delayed "the proceedings of said complaint under bogus pretenses and obstructed" his constitutional and civil rights and, on August 19, 2024, notified him that his pre-charge inquiry was closed. (*Id.* at 1, 2.) Stancu alleges that the EEOC closed the matter under false pretenses and that it "covered up" his former employer's retaliation against him. (*Id.* at 3.) By closing the matter and "refusing" to give him a right-to-sue letter, Stancu alleges, the EEOC "block[ed]" him from taking legal action against his employer for workplace discrimination. (*Id.*)

## II. LEGAL STANDARDS

The EEOC moves for dismissal under Fed. R. Civ. P. 12(b)(1) and, alternatively, Rule 12(b)(6). A motion to dismiss under Rule 12(b)(1) challenges a federal court's jurisdiction to adjudicate the claim before it. *See* Fed. R. Civ. P. 12(b)(1). Being courts of limited jurisdiction, a federal court must have jurisdiction conferred by statute vesting the power to adjudicate claims before it. *See Texas v. Travis Cnty., Texas*, 910 F.3d 809, 811 (5th Cir. 2018). When a Rule 12(b)(1) motion

---

[1] The undersigned cites the pages of the Complaint by the page number assigned by the ECF system displayed at the top of each page.

is made in conjunction with other motions to dismiss, the court should in most instances first address the jurisdictional attack. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of establishing that federal jurisdiction exists "rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

The EEOC alternatively seeks dismissal under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. In deciding a motion to dismiss under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). Such a motion therefore is "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* So, "[w]here a complaint

pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557 (cleaned up); *see also Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) (unpublished) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* And so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (citing Fed. R. Civ. P. 8(a)(2)-(3), (d)(1), (e)).

"Pro se complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Texas*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018); *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). And "liberal

construction does not require that the Court . . . create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-CV-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

### III. ANALYSIS

Stancu sues the EEOC for allegedly failing to adequately investigate and for undermining his claims of discrimination and retaliation against his former employer. The EEOC argues that authority compels a conclusion that the Court lacks jurisdiction to consider Stancu's claims.[2] After considering applicable authority, the undersigned agrees. In *Gibson v. Missouri Pacific Railroad Co.*, 579 F.2d 890 (5th Cir. 1978), the Fifth Circuit first recognized that a person may not sue the agency for its handling of discrimination claims, as "Title VII of the Civil Rights Act of 1964 . . . confers no right of action against the [EEOC]." *Id.* at 891.

The Fifth Circuit reinforced that conclusion in *Newsome v. E.E.O.C.*, 301 F.3d 227 (5th Cir. 2002), a case that bears considerable similarity to this one. There, a woman filed a charge of discrimination against her former employer for discrimination. *Id.* at 229. After the EEOC determined that the former employer was not subject to Title VII and dismissed her charge of discrimination, the woman filed a complaint in federal court against the agency and three of its employees. *Id.* at

---

[2] Stancu does not address the EEOC's cited authority in response, nor does he address dismissal standards or authority. Rather, Stancu's response largely contains additional conclusory allegations against the EEOC for mismanaging or suppressing his claims. Stancu also relies on summary judgment standards that do not apply at the dismissal stage of the proceedings. (*See* Resp. at 6.)

229–30.  She sought to compel the defendants to investigate her claims and to enjoin them from interfering with her rights under Title VII and the 14th Amendment.  *Id.* at 230.  The EEOC sought dismissal for lack of jurisdiction, and the district court dismissed the suit based on frivolity and failure to state a claim.  *Id.*  On appeal, the Fifth Circuit rejected the plaintiff's assertion that Title VII conferred jurisdiction for the plaintiff's suit.  *Id.* at 232.  Following *Gibson*, the court noted its recognition that Title VII "does not confer on a charging party a right of action against the EEOC" and concluded that the plaintiff's claims against the EEOC were properly dismissed.  *Id.*  The court further observed that "the United States and its officials are entitled to sovereign immunity for the civil rights claims brought by [the plaintiff], 'because the United States has not consented to suit under the civil rights statutes.'"  *Id.* at 233 (quoting *Unimex, Inc. v. U.S. Dep't of Hous. & Urb. Dev.*, 594 F.2d 1060, 1061 (5th Cir. 1979)).

And in *Jones v. Equal Employment Opportunity Commission*, No. 21-10914, 2021 WL 5444736 (5th Cir. Nov. 19, 2021) (unpublished), the Fifth Circuit again affirmed the dismissal of claims similar to the one Stancu brings here.  After an employee unsuccessfully sued his employer for discrimination and retaliation, he asserts claims against the EEOC alleging that it failed to timely investigate his prior claims.  *Id.* at *1.  The employee appealed after this Court dismissed the action for lack of subject matter jurisdiction.  *Id.*  Applying *de novo* review on appeal, the Fifth Circuit observed that "[f]ederal courts have jurisdiction over suits against the United States

and its agencies only to the extent that sovereign immunity has been waived." *Id.* (quoting *Charles v. McHugh*, 613 F. App'x 330, 332 (5th Cir. 2015) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994))). Relying on *Gibson*, *Newsome*, and other caselaw, the Fifth Circuit explained that only present or former EEOC employees (or applicants) may sue the EEOC for violations of Title VII. *Id.* at *2. Because the employee was instead suing the EEOC for failing to properly investigate his claim of workplace discrimination against his employer—as Stancu does here—the court concluded that "it was proper for the district court to dismiss [the plaintiff's] Title VII claims for lack of subject matter jurisdiction." *Id.*

These authorities make clear that the Court lacks jurisdiction to entertain Stancu's claim that the EEOC mishandled his charge of discrimination against his former employer. The District Judge, therefore, should grant the EEOC's motion and dismiss this action pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

Alternatively, the District Judge may dismiss Stancu's claim against the EEOC for failure to state a claim. In deciding a motion under Rule 12(b)(6), a court limits its review to the face of the pleadings. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Stancu attached a copy of the pre-charge inquiry he submitted to the EEOC.

(*See* Dkt. No. 1 at 7-10.)[3]  The introductory statement on the Pre-Charge Inquiry form states that the information provided on the form "will help [the EEOC] assist you and determine if your concerns are covered by the employment discrimination laws we enforce." (D. App. 13.)  Additionally, it states clearly: "Please note: This Pre-Charge Inquiry is not a Charge of Discrimination." (*Id.*)  It repeats this advisory on the bottom of the first three pages of the four-page form. (D. App. 13-15.)

Courts routinely hold that a pre-charge inquiry does not constitute a charge of discrimination because it does not invoke the EEOC's remedial process.  *See, e.g.*, *Pemberton v. Bell's Brewery, Inc.*, ___ F.4th ___, 2025 WL 2539015, at *7-9 (6th Cir. Sept. 4, 2025); *Sambrano v. United Airlines, Inc.*, 707 F. Supp. 3d 652, 671–76 (N.D. Tex. 2023); *Kirkwood v. Buffalo & Erie Cnty. Naval & Mil. Park*, No. 22-CV-703-LJV, 2023 WL 4959881, at *4–5 (W.D.N.Y. Aug. 3, 2023); *Ferdin v. Toyotetsu TTTX*, No. 5:18-CV-885-DAE, 2019 WL 12598992, at *4 (W.D. Tex. Apr. 8, 2019).  To the extent Stancu alleges that he filed a charge of discrimination that was mishandled by the EEOC, the pleadings show otherwise and that he instead filed a pre-charge inquiry that sought to no remedial action by the EEOC.  Any allegation that the

---

[3] The EEOC also provided a more legible copy of the pre-charge inquiry form in its appendix to the motion to dismiss. (*See* D. App. 13-16.)  The undersigned may also consider this copy in recommending the resolution of the motion to dismiss.  *See Collins*, 224 F.3d at 498–99 ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.").  Stancu refers to this document in his complaint (and attached it), which is central to his assertion that the EEOC mishandled his claim. (*See* Dkt. No. 1 at 1.)

EEOC mishandled his charge of discrimination therefore must fail because the document that Stancu relies on establishes that he filed no charge of discrimination at all. Even assuming Stancu could sue the EEOC for failing to adequately investigate or otherwise handle his charge of discrimination, the complaint still must fail because Stancu does not plausibly allege that he filed a charge of discrimination that would have obligated the EEOC to conduct and investigation and take any additional action, such as issue a right-to-sue letter.

## IV.  LEAVE TO AMEND

"Ordinarily, a plaintiff should be afforded an opportunity to amend [his] complaint in response to a recommended dismissal or when the action is to be dismissed pursuant to a court order." *Beam v. Caliber Home Loans, Inc.*, No. 3:19-CV-01201-M-BT, 2021 WL 4445350, at *4 (N.D. Tex. Sept. 7, 2021), *adopted*, 2021 WL 4439179 (N.D. Tex. Sept. 28, 2021). While a court "should freely give leave" to amend his pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), it has discretion not to allow amendment when an amendment would be futile, *Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999).

The District Judge need not permit Stancu to file an amended complaint here because doing so would be futile. As explained above, the court lacks jurisdiction over Stancu's claims against the EEOC relating to the agency's handling of a charge of discrimination against Stancu's former employer. *See Smith v. Houston Indep. Sch.*

*Dist.*, 229 F. Supp. 3d 571, 576 (S.D. Tex. 2017) (concluding it would be futile to amend where the court lacks subject matter jurisdiction over breach-of-contract claim against an official who has immunity). Because that barrier to his lawsuit cannot be cured through repleading, any amended complaint would be relegated to the same fate of dismissal.

## V. RECOMMENDATION

The undersigned recommends that the District Judge **GRANT** the EEOC's motion to dismiss (Dkt. No. 16) and **DISMISS** the complaint without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED** on September 8, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).